## SCHREIBER v. SCHREIBER.

(New York Superior Court — General Term, May, 1893.)

Evidence considered and held sufficient to establish the fact of adultery necessary to authorize a decree of divorce.

APPEAL by defendant from judgment of divorce.

In the court below, the following opinion was given by McADAM, J. :

" Adultery is peculiarly a crime of darkness and secrecy ; parties are rarely surprised in it ; and so it not only may, but ordinarily must, be established by circumstantial evidence. 2 Bishop Mar. & Div. (4th ed.) § 613. The circumstances disclosed here were these : The defendant, who lived separate from her husband, occupied the first floor of the tenement No. 220 East Twenty-first street, this city. There were two large rooms and four bedrooms. In September last, the husband (who suspected his wife's infidelity) entered the house, accompanied by two friends, at about midnight — broke in one of the doors. The noise alarmed the defendant and the corespondent, who made an outcry, and two policemen ran into the room to discover the cause. Two beds were found, one in the kitchen, the other in the bedroom adjoining. The defendant was found in her nightdress, and the corespondent in his undershirt. The beds were examined by the four witnesses, who substantially agree that only one of the beds had been occupied, and that had two pillows, both of which had been mussed. The bedroom door was found open, so that anyone could enter from it into the kitchen, and vice versa. The defendant and the corespondent in explanation testified that the latter was a lodger, paying three dollars and fifty cents a week for the use of the bedroom and parlor ; that, though there was no lock to the bedroom door, it had been tied with a rope to prevent egress to the kitchen. The first suspicious circumstance is that the rope was not found when the officers entered, nor has its disappearance been accounted for. Next, it seems odd that this precaution should have been

taken when the lodger might have been assigned to one of the front bedrooms, where no rope or other safeguard was needed. There were no other lodgers. The parties have a sixteen-year-old daughter, but the defendant put her to board somewhere else. The daughter ought to have been kept at home, instead of the lodger. Her presence would have allayed suspicion. Her absence and the close proximity of the lodger created it; instead of avoiding the appearance of evil, the defendant did the very thing calculated to provoke unfavorable criticism. What followed was the natural sequence. She had no right to place herself in such a perilous position. The disinterested police officers furnish such strong corroborative proof that the judicial mind is satisfied that the relations existing between the defendant and corespondent were of a criminal nature. Their appearance and manner upon the stand have much to do with this conclusion. The means afforded by a *viva voce* examination of judging of the credit due to witnesses, especially where their statements conflict, are of incalculable advantage in the investigation of truth, but not unfrequently supply the only true test by which the real character of the witnesses can be appreciated. Starkie Ev. (9th ed.) 728. Courts must take such evidence as the nature of the case permits, circumstantial, direct or positive, and bring to bear upon it the experiences and observations of life, and thus, weighing it with prudence and care, give effect to its just preponderance. *Moller* v. *Moller*, 115 N. Y. 466; *Auld* v. *Auld*, 40 N. Y. St. Repr. 904; 16 N. Y. Supp. 803. Upon the entire evidence, carefully considered, the plaintiff is entitled to a decree for absolute divorce."

*Max Bayersdorfer*, for defendant (appellant).

*August P. Wagener*, for plaintiff (respondent).

*Per Curiam.* Judgment affirmed upon the opinion of the court below.